IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GEORGE W. JOHNSON III,  )<br>    a/k/a GEORGE WESLEY JOHNSON,  )<br>                                                                  )<br>        Petitioner,                                    )<br>                                                                  )<br>                                                                  )     CIV-12-104-W<br>v.                                                              )<br>                                                                  )<br>JUSTIN JONES, Director,                       )<br>                                                                  )<br>        Respondent.                                )  | |

REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner is challenging the convictions for Child Sexual Abuse entered against him in the District Court of Garfield County, Case No. CF-2008-244. Respondent has moved to dismiss the Petition under 28 U.S.C. § 2244(d)(1) and filed the relevant state court records. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B).[1] For the following reasons, it is recommended that the Petition be dismissed as time-barred.

In his Petition filed January 27, 2012, Petitioner asserts that he entered a guilty plea on January 5, 2010, and was convicted of twenty counts of the offense of Child Sexual Abuse in the District Court of Garfield County, Oklahoma. For these convictions, Petitioner states

---

[1] This matter was originally referred to former United States Magistrate Judge Doyle Argo on January 30, 2012 (Doc. # 7), and the referral was transferred to the undersigned on this date.

that he is serving twenty concurrent sentences of 25 years of imprisonment. He did not appeal these convictions, although he sought and was denied post-conviction relief in the state district court and in the Oklahoma Court of Criminal Appeals ("OCCA").

I. Statute of Limitations Governing § 2254 Habeas Petitions by State Prisoners

Respondent has moved to dismiss the action on the basis that it is time-barred by operation of 28 U.S.C. § 2244(d)(1), and Petitioner has responded in opposition to the Motion to Dismiss. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), effective April 24, 1996, imposes a one-year statute of limitation with respect to the filing of a 28 U.S.C. § 2254 petition by a state prisoner. 28 U.S.C. §2244(d)(1). As an Oklahoma prisoner seeking federal habeas relief, Petitioner's habeas Petition is governed by the AEDPA's amendments.[2] See Lindh v. Murphy, 521 U.S. 320, 336 (1997)(AEDPA's amendments apply to habeas petitions filed after the AEDPA's effective date of April 24, 1996).

Under 28 U.S.C. § 2244(d)(1)(A), the one-year limitations period generally begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." The limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending...." 28 U.S.C.

---

[2]Petitioner's argument to the contrary in his responsive pleading, in which he asserts that the AEDPA does not apply to him because he "has NOT been convicted of Terrorism nor is [he] under the death penalty," lacks merit.

§2244(d)(2). The limitations period may also be equitably tolled in extraordinary circumstances so long as the petitioner has diligently pursued his federal claims. Holland v. Florida, __ U.S. __, 130 S.Ct. 2549, 2560 (2010). See Miller v. Marr, 141 F.3d 976, 978 (10th Cir.)(one-year limitations period may be equitably tolled in limited circumstances such as incompetence or actual innocence), cert. denied, 525 U.S. 891 (1998).

II. Analysis

It is not disputed that Petitioner's convictions were entered in the District Court of Garfield County on January 5, 2010. Because Petitioner did not file a motion to withdraw the pleas or timely seek to appeal the plea-based convictions, the convictions became "final" under 28 U.S.C. §2244(d)(1)(A) on January 15, 2010, ten days after the pronouncement of the judgment and sentence. See Okla. Stat. tit. 22, §1051; Rule 4.2, Rules of the Oklahoma Court of Criminal Appeals, Okla. Stat. tit. 22, ch. 18, App. The one-year limitations period for filing a federal habeas petition challenging these convictions expired one year later, on January 15, 2011, absent statutory or equitable tolling exceptions.

Petitioner filed an application for post-conviction relief in the district court on May 3, 2011, seeking an appeal out-of-time. On June 20, 2011, the district court denied the application. Brief in Support of Motion to Dismiss, Ex. 1. On October 6, 2011, the OCCA affirmed the district court's decision. Brief in Support of Motion to Dismiss, Ex. 2. Petitioner's post-conviction application did not toll the limitations period under 28 U.S.C. § 2244(d)(2) because it was filed after the limitations period expired. See Fisher v. Gibson, 262 F.3d 1135, 1142-1143 (10th Cir. 2001), cert. denied, 535 U.S. 1034 (2002).

3

In his responsive pleading, Petitioner contends that he is entitled to equitable tolling of the one-year limitations period because his ability to timely file his Petition was obstructed by extraordinary circumstances. He describes these circumstances as (1) his defense attorney failed to initiate an appeal following his sentencing despite his request to do so, (2) he was denied an evidentiary hearing in his state court post-conviction proceeding, and (3) he does not have access to a law library at the private prison where he is confined.

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). Extraordinary circumstances that warrant equitable tolling of the limitations period may include "a constitutional violation [that] has resulted in the conviction of one who is actually innocent or incompetent." Miller v. Marr, 141 F.3d 976, 978 (10th Cir.), cert. denied, 525 U.S. 891 (1998). Equitable tolling may also be appropriate, for instance, "when an adversary's conduct - - or other uncontrollable circumstances - - prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period." Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000).

Petitioner has not alleged or provided credible evidence that he is actually innocent or incompetent. Nor has Petitioner demonstrated that circumstances beyond his control prevented him from timely filing a habeas petition. Petitioner contends that following his plea and sentencing he requested that his attorney file an appeal and that his attorney stated "he would get things started but [ he] never did. When I go[t] to prison, a law clerk told me

I was entitled to an appeal out of time . . . ." Petition, at 6. Petitioner thus knew soon after he was convicted that his attorney had not initiated an appeal, yet he waited more than a year to file a post-conviction application in the state district court. Additionally, although Petitioner asserts he has not had access to a law library, he admits that he has access to legal assistance through a contract attorney, and he fails to explain how his lack of access to a law library hindered his ability to timely file a habeas petition. Petitioner has failed to show that the limitations period should be equitably tolled. Therefore, the Petition should be dismissed as it is time-barred.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be DISMISSED as time-barred. The parties are advised of their respective right to file an objection to this Report and Recommendation with the Clerk of this Court by     May 29th    , 2012, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed

herein, including Petitioner's Request for Evidentiary Hearing (Doc. # 3), is denied.

ENTERED this ___7th___ day of ___May___, 2012.

*[signature: Gary M. Purcell]*

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE