IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

FILED

JUN 19 2012

ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY _____ DEPUTY

GEORGE W. JOHNSON, III, )
)
Petitioner, )
)
vs. ) No. CIV-12-104-W
)
JUSTIN JONES, Director, )
)
Respondent. )

## ORDER

On May 7, 2012, United States Magistrate Judge Gary M. Purcell issued a Report and Recommendation in this matter and recommended that the Court grant the Motion to Dismiss filed by respondent Justin Jones, Director, and dismiss as untimely the Petition for Writ of Habeas Corpus ("Petition") filed by petitioner George W. Johnson, III. Johnson was advised of his right to object, and the matter now comes before the Court on Johnson's Objection to Report and Recommendation [Doc. 15].

Upon de novo review of the record, the Court concurs with Magistrate Judge Purcell's suggested disposition of Jones' request for dismissal. Despite Johnson's arguments to the contrary,[1] Johnson's Petition and the grounds raised therein are subject to the one-year statute of limitations established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1). For purposes of the AEDPA, Johnson's convictions, after pleas of guilty on twenty (20) counts of the offense of Child Sexual Abuse in the District Court for Garfield County, Oklahoma, became final on January

---

[1] E.g., Hansell v. Lemaster, 1999 WL 258335 *1 (10th Cir. 1999)(court finds AEDPA applies to all habeas corpus petitions; rejects petitioner's contention that it applies only to terrorists or to death penalty cases)

15, 2010; Johnson therefore had until January 15, 2011, to seek relief under 28 U.S.C. § 2254. The instant Petition is file-stamped January 27, 2012. Accordingly, this matter is time-barred unless Johnson can establish that the one-year limitations period has been tolled.

The record reveals that Johnson is neither entitled to statutory tolling, e.g., 28 U.S.C. § 2244(d)(2)(time during which properly filed application for post-conviction or other collateral review pending not counted), nor entitled to equitable tolling. E.g., Lopez v. Trani, 628 F.3d 1228 (10th Cir. 2010)("actual innocence" exception to procedural barrier posed by AEDPA's limitations period applied only in extraordinary cases); Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000)(equitable tolling appropriate only if uncontrollable circumstances exist).

Accordingly, the Court

(1) ADOPTS the Report and Recommendation [Doc. 14] issued on May 7, 2012;

(2) GRANTS Jones' Motion to Dismiss Petition for Habeas Corpus as Time Barred by the Statute of Limitations [Doc. 11] filed on March 1, 2012;

(3) DISMISSES Johnson's Petition with prejudice; and

(4) having found no grounds exist that warrant an evidentiary hearing on any issues raised by Johnson in his Petition or in any other document, hereby DENIES Johnson's Request for Evidentiary Hearing [Doc. 3] file-stamped January 27, 2012.

ENTERED this 19th day of June, 2012.

LEE R. WEST
UNITED STATES DISTRICT JUDGE